PEDRO Y SELTZER, INC., Respondent, *v.* ATTILIO BRIVIO, Appellant.

ANDREA DIANA, Appellant.

First Department, March 5, 1920.

**Attachment — action to recover for refusal of buyer to accept goods — affidavit to state facts showing damages — when affidavit on information and belief insufficient — affidavit as to market value of goods several months after breach — affidavit by assignee insufficient to show ownership — motion to vacate attachment.**

The affidavits upon which an application for a warrant of attachment is made in an action where the damages are unliquidated, must set out the evidence which the plaintiff claims proves his damages.

An affidavit as to damages on an application for a warrant of attachment in an action to recover for the refusal of a buyer to accept the goods purchased, is defective where the complaint alleges the market value of the goods on information and belief and the affidavit is to the effect that the fair and reasonable market value of the goods according to the best information of the deponent is the sum stated in the complaint, and that the allegation as to the market value is based on inquiries in the trade, and there is no allegation as to why the affidavit was not made by persons in the trade having knowledge of the market value.

The damage of the seller must be estimated upon the market value at the time of the refusal to accept, and where there is no allegation in the complaint as to when the buyer refused to accept the goods, an affidavit on an application for a warrant of attachment as to the market value of the goods ten months after the contract was made, in the absence of some facts showing what the market value was at the time of the refusal to accept the goods, is not sufficient to show that the plaintiff has suffered any damage by reason of the defendant's default.

The affidavit of the assignee of the defendant on his application to have the warrant of attachment, issued in favor of the plaintiff, vacated on the ground that at the time of the attachment the goods attached belonged to said assignee, examined, and *held*, insufficient to show ownership of the property.

Because of the insufficiency of the aforesaid affidavits, a motion by the defendant to vacate a warrant of attachment against him should be granted, and a motion by his assignee for the same relief should be denied.

APPEAL by the defendant, Attilio Brivio, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of December, 1919, denying the motion made by the defendant, appearing specially, to vacate a warrant of attachment issued on the 16th day of January, 1919.

Appeal by Andrea Diana, transferee of said attached property, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of December, 1919, denying the motion made by said transferee to vacate the warrant of attachment herein.

*Paul R. Gordon,* for the defendant, appellant.

*Samuel F. Frank,* for Andrea Diana, transferee, appellant.

*Harry J. Sondheim* of counsel [*Alexander, Cohn & Sondheim,* attorneys], for the respondent.

SMITH, J.:

In one case the motion was made by the defendant himself. In the other case it was made by one Andrea Diana.

*First,* as to the application made by the defendant: The application is made upon the ground that the papers upon

which the motion was granted do not allege a sufficient cause of action. The complaint alleges an agreement between the plaintiff and defendant, whereby the plaintiff was to sell and defendant was to purchase certain pipe; that the defendant was to furnish an import license, and that he failed and refused to furnish that import license and refused to accept the goods purchased and that the plaintiff duly performed all the conditions to be performed by him contained in said contract. The plaintiff then alleges that he sold part of the pipe at the contract price; that the balance of the pipe he was unable to sell and holds the same. He then alleges that the market value of that pipe *is* $2,603.76, which is $1,609.50 less than the contract price therefor. That was alleged upon information and belief. The complaint was sworn to by Lothar Ullmann, as secretary and treasurer of the corporation, on the 13th day of January, 1919. The contract is alleged to have been made upon the 20th day of March, 1918. Lothar Ullmann then makes an affidavit to the effect that the fair and reasonable market value of the pipe according to the best information of deponent *is* the sum stated, and that the allegation upon information and belief as to the market value of said merchandise is based upon inquiries in the trade.

A second cause of action is alleged substantially similar to the first cause of action, except that it refers to the purchase of certain files, and in respect to those files the complaint states, upon information and belief, that the reasonable market value thereof *is* $5,067.60, which is $1,876.40 less than the agreed purchase price.

The affidavit of Ullmann as to the market value refers to both causes of action. It is held that the affidavits must state facts from which the amount of plaintiff's damage can be estimated. (*Barbrick* v. *Carrero*, 184 App. Div. 160.) In that case it is stated: " Where the damages are unliquidated it is necessary for the plaintiff in his affidavit to set out the evidence which he claims proves his damages in order that the court may judge as to whether he has evidence of damage, and that his allegation of damage is not mere matter of speculation." The proof of the plaintiff as to the damage is defective, therefore, for two reasons, *first*, that the complaint alleges the value upon information and belief, and that infor-

mation and belief is alleged by the secretary and treasurer to be based upon inquiries in the trade. There is no allegation as to why the affidavit was not made by persons in the trade having knowledge of the market value. Where for the purposes of an attachment proofs must be made, such an allegation is necessary in the absence of an affidavit of one having personal knowledge of such value. *Second,* the allegation of the complaint is that the market value *is* the sum stated. The merchandise was sold upon March 20 and March 5, 1918. The affidavit is verified January 13, 1919. It is not alleged when the defendant refused to accept the merchandise, and the plaintiff's damage must be estimated upon the market value at the time of that refusal. The affidavit, therefore, of market value ten months after the contract was made therefor, in the absence of some facts showing what that was at the time of the refusal to accept the merchandise, is not sufficient to satisfy the court that the plaintiff has suffered any damage by reason of the defendant's default.

The order, therefore, refusing to set aside the attachment upon the application of the defendant is reversed, with ten dollars costs and disbursements, and the motion to set aside the attachment is granted, with ten dollars costs.

Upon the application of Andrea Diana, the affidavit of Diana is to the effect that the defendant was indebted to him and wrote to him a letter to the effect that he assigned this claim to Diana; that thereafter he sent him a cablegram authorizing him to collect these moneys. This cablegram is in evidence and is as follows: " I authorize you to collect from Kennedy all money owing to me or which may become due to me. We have also telegraphed to Kennedy in Elmira to the same effect." This affidavit does not show ownership in Diana for two reasons: *First,* because the letter itself is the best evidence of the assignment and should have been furnished, or its loss accounted for. *Secondly,* because the cablegram stated in the affidavit to have been sent after the letter assigning the same negatives the fact of the assignment, by giving authority to Diana to collect the moneys owing *to the defendant.*

The order refusing to vacate the attachment upon the

application of Diana should, therefore, be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, PAGE and PHILBIN, JJ., concur.

On the first appeal: Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. On the second appeal: Order affirmed, with ten dollars costs and disbursements.