JACOB RUBIN et al., Plaintiffs, *v.* MARTIN LESSER et al., Defendants.

Supreme Court, Special Term, New York County, May 4, 1962.

*Jerome Kern* for plaintiffs. *Fink, Weinberger, Levin & Gottschalk (Arthur C. Fink* and *Henry A. Weinstein* of counsel), for Albert T. Brod and another, defendants.

SAMUEL M. GOLD, J. Defendants Albert T. Brod and A. T. Brod & Co. move for an order vacating and setting aside, or in the alternative, modifying the warrant of attachment and the levy thereunder, upon the grounds that the papers upon which the warrant was granted are insufficient to confer jurisdiction, insofar as the moving defendants are concerned, in that they do not show a cause of action against them for which an attachment may be granted, that the action is not one to recover a

sum of money only upon a contract or contracts, express or implied, and that the moving defendants have been guilty of fraud in contracting or incurring the liability in suit, that the affidavits and the complaint upon which the warrant was granted do not show facts from which the claimed damage may be reasonably determined, and finally, that the papers are insufficient to enable a determination that the ultimate facts alleged in the complaint as to the moving defendants can be substantiated.

A warrant of attachment has been obtained, it appears, at least against one of the other nine codefendants. The present application was based upon the original papers only. Additional affidavits were submitted by the plaintiffs, with the leave of the court, and the moving defendants have made reply thereto. In the original affidavit in support of the warrant there was a general and conclusory statement that the moving defendants were nonresidents. The warrant does not recite nonresidence as a ground upon which it was granted. Upon the basis of this submission it conclusively appears that the moving defendants are not nonresidents.

Therefore, there remains for consideration whether, upon the basis of this submission, there is support for the warrant upon the ground that it was granted, that plaintiffs are entitled to an attachment against these moving defendants by reason of the fact that this is an action to recover a sum of money only upon a contract, express or implied, and that the defendants have been guilty of fraud in contracting or incurring the liability sued on.

The plaintiffs made purchase of the stock of the defendant Agricultural Research Development, Inc. Some of this stock was purchased through the defendant A. T. Brod & Co. as broker. The plaintiff Jacob Rubin acted on behalf of all the plaintiffs in making the purchases, and in doing so dealt solely with the defendant Lesser, a partner in the defendant A. T. Brod & Co. The action, as the allegations of the complaint indicate, is brought upon legal rescission for the recovery of damage which is stated on behalf of all plaintiffs in the total sum of $49,501.26, while the purchase price was $39,600.69. An action based upon accomplished rescission and claim of conspiracy to defraud is not an action based on fraudulent incurring of liability. In fact, there is no showing or claim that any liability was incurred by reason of the sale of the stock; but, on the contrary, as alleged, the liability here, if any, is engendered only by reason of the claimed fraud inducing the purchase and payment. The defendants are not charged with any contractual liability. Upon the completion of the purchases no liability of

the defendants remained for enforcement. Not alone was there no surviving contractual relationship with the moving defendants but there is no substantiated proof connecting the moving defendants with the claimed fraud of the defendant Lesser. An attachment may not reach the property of a partnership or of its partners for the fraud of one of them. Moreover, a minor portion of the shares having been purchased from the defendant A. T. Brod & Co., there is no allegation of the offer of the return of any specific shares to any specific defendant to sustain a cause of action in rescission, at law, for the recovery of the purchase price; otherwise the action, regardless of the form of relief, becomes an action for equitable rescission, for which again no attachment will lie.

Finally, the element of damage has not been sufficiently set forth for the purpose of attachment. Under the applicable rule of damage the difference between the demand in the sum of $49,501.26 and the total purchase price of $39,600.69 is unexplained. The only statement relating to the question of damage is as follows: '' There is no value whatever to any of the shares which they induced the plaintiffs to purchase. On August 17, 1961, the day I verified this affidavit, offers to sell this stock at $2.00 per share went ' begging '; nobody would make any offer for it, according to advices which I received from reliable sources in the securities business. Nor have there been any purchases or sales of this stock for some time past according to the same reliable sources in the market ''.

In the first place, August 17, 1961 is not the legal operative date. The latest operative date is the time when, as claimed, the fraud was discovered, on May 18, 1961. Moreover, as stated in *Pedro y Seltzer, Inc.* v. *Brivio* (191 App. Div. 110, 113): '' There is no allegation as to why the affidavit was not made by persons in the trade having knowledge of the market value. Where for the purposes of an attachment proofs must be made, such an allegation is necessary in the absence of an affidavit of one having personal knowledge of such value.''

Moreover, as supported by copies of confirmations thereof, sales of the stock, as also appears from plaintiffs' bill of particulars, occurred on June 30, 1961 at $7 per share. Even in the absence of a quoted market, which is not properly shown, there must then be furnished some evidence as to the value of the business as an operating concern (*Prentiss* v. *Greene,* 193 App. Div. 672).

In all the circumstances, therefore, it conclusively appears that the plaintiffs have failed to sustain the warrant and the motion must be, and it is granted.